UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                              Criminal No. 05-92  ADM/AJB

               Plaintiff,

v.                                    **REPORT AND RECOMMENDATION**

(1)     MARTIN CARRILLO-ACEVEDO,
(2)     RICHARD LEE RAMIREZ-LARA

               Defendants.

Chris S. Wilton, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Manny K. Atwal, Esq., Assistant Federal Defender, for defendant, Martin Carrillo-Acevedo; and

Thomas H. Shiah, Esq., for defendant Richard Lee Ramirez-Lara.

       This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on April 21, 2005, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101.  The Court issued Orders on Motions dated April 22, 2005, therein reserving motions to suppress evidence obtained as a result of search and seizure and a motion of severance for submission to the District Court on report and recommendation.

       Based upon the file and documents contained therein, along with witness testimony and an exhibit received at hearing, the Magistrate Judge makes the following:

**Findings**

       **Vehicle Stop and Search.**  In December 2004, a confidential reliable informant (CRI)

provided information to Minneapolis Police Officer Luis Porras indicating that defendant Martin Carrillo-Acevedo was selling cocaine and methamphetamine brought into the Twin Cities from Denver, Colorado. Based on this information Officer Porras and Officer Hauge set up an arranged drug purchase by the CRI in late December 2004. The CRI was provided with drug-buy funds and was searched to ensure that he was not already carrying drugs. The CRI then met two individuals, the defendants in this matter, in a maroon Jeep Cherokee, at which time the CRI purchased cocaine for $550. The meeting was observed by officers. Following the transaction, the Jeep Cherokee, driven by defendant Carrillo-Avecedo, was followed to the residence at 11 Congress Street East, St. Paul, Minnesota. The officers checked the vehicle registration and learned that the Jeep Cherokee registration referenced both defendants and indicated that both resided at the Congress Street address.

On February 22, 2005, the CRI reported to officers that Mr. Carrillo-Avecedo had a large quality of methamphetamine for sale. This information prompted Officer Porras and other officers to set up surveillance at 11 Congress Street East where the same Jeep Cherokee was found parked in the driveway. Both defendants were observed coming out of the house and getting into the vehicle, with defendant Ramirez-Lara taking the driver's seat. Officers thereafter followed the Jeep Cherokee to Minneapolis. While en route the CRI had cell phone contact with Mr. Carrillo-Acevedo who told the CRI that he could not talk at that time because he was "out to do work." The CRI relayed this information to Officer Porras. Based upon their prior experience with coded drug trade language in which the act of "doing work" was used as a euphemism for delivering drugs, the officers interpreted the statement to mean that the defendants were about to engage in a drug deal. At that time the officers decided that the vehicle would be stopped, the occupants would be arrested, and the Jeep Cherokee

would be searched incident to the arrest.  Thereafter, on instructions from Officer Porras a uniformed officer stopped and arrested defendants Carrillo-Acevedo and Ramirez-Lara at about noon in Minneapolis.  Both defendants were made to get out of the Jeep Cherokee and were taken to the front of the vehicle where they were placed in handcuffs.  Meanwhile, an officer with a drug sniffing canine had been involved in the surveillance and was present at the stop.  Upon being taken to the Cherokee the dog indicated the presence of drugs both inside and outside the vehicle and the dog directly alerted to a Pringles container inside the vehicle.  Methamphetamine was found in the Pringles can.  Officers also had determined that the car would be towed.

**Search Warrant.**  On February 22, 2005, Ramsey County District Court Judge Greg Johnson issued a warrant to search the location described as 11 Congress Street East, St. Paul, Minnesota, and any garages and or storage areas associated with this address.  (Hearing Exh. No. 1). The location is further identified in the supporting affidavit as the residence of Martin Carrillo-Acevedo and Richard Lee Ramirez.  The search warrant identified the objects of the warrant as narcotics and controlled substances, including methamphetamine; drug paraphernalia; money and property obtained from drug sales; packaging equipment; property traded for drugs; writings showing constructive possession of drugs; firearms and ammunition; communications devices; and photos and videotapes showing drugs sales and use.  The warrant was issued on the basis of probable cause contained in the affidavit of Officer Luis Porras, including confidential reliable informant and surveillance information, and evidence obtained as the result of a vehicle stop.  Cocaine was found in a wall cavity near a medicine cabinet.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

      **Vehicle Stop and Search.**  Suppression of evidence obtained as the result of a vehicle stop and search is not required and suppression of evidence subsequently obtained as a fruit of the vehicle search is likewise not required.  The Jeep Cherokee was lawfully stopped and defendants Martin Carrillo-Acevedo and Richard Lee Ramirez were lawfully arrested based upon sufficient and particularized probable cause evidence that defendants had engaged in the sale of drugs to a CRI in December 2004, as well as the more immediate CRI reports that defendant Carrillo-Acevedo was currently in possession of methamphetamine and was on his way to Minneapolis for purposes of making a drug transaction at the time of the stop and arrests.  The search of the Jeep Cherokee was a lawful search incident to arrest.  "When a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."  United States v. Alaniz-Montano, __ F.3d __ (8th Cir. 2005)(slip opinion filed April 22, 2005, U.S. Court of Appeals Nos. 04-2308 and 04-2393 )[1](quoting New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860)(1981).  Furthermore, search of any containers within the passenger compartment is permissible as such containers would have been within reach of the vehicle occupants.  United States v. Poggemiller, 375 F.3d 686, 687 (8th Cir. 2004)(citing Belton, 453 U.S. at 460).  The fact that the defendants were no longer in the Jeep Cherokee did not alter their status as occupants of the vehicle.  Alaniz-Montano, (citing United States v. Poggemiller, 375 F.3d 686, 687 (8th Cir. 2004).

---

[1] Case available at www.ca8.uscourts.gov/opndir/05/04/042308P.pdf.

**Search Warrant.**  Evidence seized pursuant to a warrant to search the residence described as 11 Congress Street East, St. Paul, Minnesota, and any garages and or storage areas associated with this address, (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendants Martin Carrillo-Acevedo and/or Richard Lee Ramirez-Lara.  The residence search warrant was issued on February 22, 2005, and was based upon sufficient probable cause as stated in the affidavit of Officer Luis Porras and as determined by Ramsey County District Court Judge Greg Johnson.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Severance.**  There has been no showing in this case that severance of co-defendants is necessary to avoid risk of compromising any specific trial right to which a defendant is entitled or that severance is necessary to prevent the jury from making a reliable judgment as to the moving defendant's guilt or innocence.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b).  There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993).  The co-defendants in this matter have been indicted on charges of aiding and abetting one another in the distribution of cocaine, possession with intent to distribute methamphetamine, and possession with intent to distribute cocaine.  Under these circumstances, the general rule in the federal system is that the co-defendants should be tried together.

The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14.  A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

In his motion, defendant Ramirez-Lara generally asserts that he would be unfairly prejudiced by a joined trial and that a joined trial would deny him due process rights.  The present factual record in this case offers no obvious indication as to how this defendant is prejudiced by joinder with the other defendant in this case, particularly to the extent necessary to overcome the preference for joinder in cases of this nature.  It is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant or count from evidence relating to other defendants or counts, and severance of defendants is therefore not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Martin Carrillo-Acevedo's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied**  [Docket No. 30];

2. Defendant Richard Lee Ramirez-Lara's Motion to Suppress Evidence Obtained as a Result of any Illegal Searches be **denied** [Docket No. 34]; and

3. Defendant Ramirez-Lara's Motion for Severance be **denied** [Docket No. 40].

Dated:    April 25, 2005

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

     Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 10, 2005.

     Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.